UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH<br>    Plaintiff, | ]<br>] |
| v. | ]  No. 3:14-1320 |
| | ]  CHIEF JUDGE HAYNES |
| CORRECTIONS CORPORATION OF<br>AMERICA, et al.<br>    Defendants. | ]<br>]<br>] |

## MEMORANDUM

Plaintiff, James Douglas Smith, an inmate at the Metro Davidson County Detention Facility in Nashville, file this pro se action under 42 U.S.C. § 1983 against the Defendants: Corrections Corporation of America; Mr. Deathrow, a Unit Manager at the Detention Facility; Cassandra Cromer, a Case Manager; and Ms. Bronson, a former guard at the Detention Facility. Plaintiff seeks damages.

On October 19, 2013, Plaintiff reported to Officer Youst that Defendant Bronson had been using her position to sell contraband to other inmates in his housing unit. An investigation of the matter apparently led to Defendant Bronson's termination while at least one inmate received disciplinary punishment.

News of the Plaintiff's involvement spread and other inmates began to threaten Plaintiff. According to Plaintiff, despite these threats, the CCA officers "did nothing". However, at Plaintiff's request, he was transferred to another housing unit where he was again subjected to threats from other inmates.

To state a claim under 42 U.S.C. § 1983, the Plaintiff must plead plausible facts that the defendants, while acting under color of state law, deprived him of some right or privilege secured

1

by the Constitution or laws of the United States.

The defendants have a constitutional duty to protect the Plaintiff from the harm by other inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official is deliberately indifferent to the Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

Here, in response to inmate threats and at Plaintiff's request, Plaintiff was transferred to another housing unit to ensure his safety. Despite the threats, Plaintiff does not allege any actual harm since this matter began almost a year ago. The threats alone do not rise to the level of a constitutional violation. *See* McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983).

In an amendment to his complaint (Docket Entry No. 5), Plaintiff suggests tampering with his legal mail, but Plaintiff has not alleged that the allege tampering in some way prejudiced Plaintiff in filing or pursuing a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Thus, Plaintiff has not allege plausible facts for a First Amendment retaliation claim.

Absent a constitutional violation, Plaintiff has failed, therefore, to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court must dismiss this instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 12th day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court